United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-30011

UNITED STATES OF AMERICA

Plaintiff - Appellee

VERSUS

MARVIN BEAULIEU; ET AL

Defendants

WILLIAM HARRISON; SYLVIA MOUTON

Defendants - Appellants

Appeal from the United States District Court
For the Western District of Louisiana, Lafayette
6:01-CV-1164

Before DAVIS and STEWART, Circuit Judges, and CRONE[*], District Judge.

PER CURIAM:[**]

Following our remand of this case to the district court, it

held a telephone conference with counsel and discussed resolving in

---

[*]District Judge of the Eastern District of Texas, sitting by
designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a "paper trial" the remaining issues of whether damages were caused by the acts of the defendant and, if so, the measure of those damages. The court then proceeded to resolve these two issues without an evidentiary hearing.

We find no clear indication from the record that the defendants agreed to a resolution of these issues without a traditional trial. In fact, the record indicates to the contrary. Defense counsel, in a memorandum responding to the court's minute entry regarding the telephone conference, stated that "clearly some testimony, especially cross-examination of the plaintiff's witnesses, will be required." Also, in defendant's memorandum in opposition to plaintiff's motion for determination of damages, counsel asserted that issues of fact and law were presented as to "whether or not the newly alleged damages were the natural consequences of said offending acts." In that same memorandum, counsel challenged whether the government had established that defendants could have foreseen the bankruptcy and the ultimate damages claimed under the Small Business Administration's(SBA) damage model, presented for the first time after remand.

In sum, the record does not reflect the defendants' consent to the procedure followed by the district court in resolving these issues without a trial. We, therefore, vacate the judgment of the district court and remand this case so that the SBA can amend its complaint to allege the nature of the damages it now claims, allow the defendants to respond and after opportunity for pre-trial

discovery - and in the absence of a stipulation to the contrary - to resolve these issues by established summary judgment procedures or trial.

VACATED AND REMANDED.